Per Curiam.

The sole ground upon which petitioner bases his right to release is that he was denied a speedy trial on the 1951 indictments, thus his rights under the provisions of Section 10, Article I of the Ohio Constitution, were, violated.
*140 There is no question in the present case that a lapse of 10 years occurred between the time the indictments against petitioner were returned and his entry of a guilty plea thereto. The question is, did such delay violate petitioner’s constitutional rights so as to entitle him to release?
It is well established under our law that the right to a speedy trial conferred by the Constitution is not self-executing. Affirmative action on the part of an accused in the nature of a demand to be tried is necessary for one to invoke the protection of the Constitution. State v. Cunningham, 171 Ohio St., 54; and Crider v. Maxwell, Warden, 174 Ohio St., 190. In other words, there can be no denial where there has been no demand. The purpose of Section 10, Article I, is to provide a trial for an accused without undue delay with its attendant anxieties and the possibility that the defense might be prejudiced by the lapse of time. However, it was not intended as a shield to the guilty, the protection of which might be invoked by sitting silently back and allowing the prosecution to believe that the accused is acquiescing in the delay. It is a right which must be claimed or it will be held to have been waived.
Thus, in order for an accused to procure his release on the basis of a denial of his right to a speedy trial, he must show affirmative action on his part to secure a speedy trial.
An accused may waive his right to a speedy trial not only by inaction in failing to claim his right thereto but also by taking some affirmative step in the proceedings which would be inconsistent with the claim that he did not waive his right to a speedy trial. Thus, ordinarily it is held that where, as here, an accused enters a plea of guilty without raising the question as to a denial of a speedy trial he waives his right thereto. Annotation, 57 A. L. R. (2d), 304, 343.
This brings us to a consideration of the facts in the instant case. There is no dispute as to the fact that there was a delay of 10 years between the return of the indictment and the plea thereto. Petitioner claims he did demand a speedy trial and stated that his prison docket would affirm this fact. An examination of this docket merely shows letters from the *141 sheriff of Medina County indicating that petitioner was still wanted under his indictments from that county.
However, even assuming petitioner had made a demand for a speedy trial, when he entered his plea of guilty in 1961, it amounted to a withdrawal of such demand and waived his right to insist on the constitutional provisions relating to a speedy trial. 22A Corpus Juris Secundum, 41, Criminal Law, Section 469.
Petitioner has shown no deprivation of his right to a speedy trial.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith and Herbert, JJ., concur.